Thomas S. Gaut v. John H. White.

## THOMAS S. GAUT v. JOHN H. WHITE.

BILLS AND NOTES. *Surety and Stayor. Liability of.* Where the surety upon judgment being rendered against the principal, and himself as surety procures a stayor, the Justice in such case is not required to act upon the personal application of the surety, or upon his written assent, to have the judgment stayed, but upon such evidence as satisfies him that the surety had either procured or assented to the stay.

Cases cited: Stinnett v. Crookshank, 1 Heisk, 496: Higgs v. Landrum, 1 Cold., 81.

Code cited: §3061.

---

### FROM BEDFORD.

---

Appeal from the Circuit Court. J. W. PHILLIPS, Judge.

E. COOPER for Gaut.

JAS. A. WARDER for White.

J. L. SCUDDER for Simms.

NICHOLSON, C. J., delivered the opinion of the Court.

White recovered a judgment before a Justice of the Peace of Bedford County, against Forbes, as principal, and Gaut as surety. Sims wrote an order to the Justice, to enter his name as stayor for Forbes and Gaut. Upon the issuance of an execution against all of these, stating that Forbes was principal, Gaut surety, and Sims

Thomas S. Gaut *v.* John H. White.

stayor for both, the officer levied on the property of Gaut, Forbes not having property. Thereupon Gaut superseded the execution, and sought to have it quashed, upon the ground that he had not procured Sims to stay the execution, and that he had not assented thereto, in proper person before the Justice, or in writing, signed by himself. The question of fact was submitted to the jury, upon the issue made by the statement in the petition. Under the proof and the charge of the Court, the jury found the issue of fact against Gaut, and judgment was given against him and his surety, on the supersedeas bond, from which they have appealed. The Circuit Judge charged the jury: "If you should believe that in the absence of Forbes, Gaut went to Sims, and asked Sims to stay the debt for Forbes and himself, and Sims after this, pursuant to that understanding and agreement, wrote the stay or order, then Sims would be the stayor for both Forbes and Gaut, and Gaut would be liable before Sims, and this would be so, although Gaut may not have been present when Sims signed the order." It is unlawful for the Justice to enter the name of a stayor, when the security is offered by the principal, unless the surety assents in proper person, or by writing, signed by him, and showing that the stayor is entered as such at his instance and request. Code, §3061. To make the surety liable before the stayor, it must appear, that the security is offered by the principal in the judgment, and that the surety assents either in proper person, or by writing signed by himself. It is manifest that this section was intended to

Thomas S. Gaut *v.* John H. White.

protect sureties from having their liabilities extended for eight months, by the act of their principals, in procuring stay without the assent of the sureties. *Stinnett* v. *Crookshank*, 1 Heisk., 496. But it was not intended to provide the evidence on which the Justice should act, in receiving the stay, when the same is procured by the surety himself, or at his instance. In such case the Justice is not required to act upon the personal application of the surety, or upon his written assent, to have the judgment stayed, but upon such evidence as satisfies him that the surety had either procured or assented to the stay.

The charge of the Circuit Judge was based upon this construction of the section in the Code referred to, and is not in conflict with the case of *Higgs* v. *Landrum*, 1 Cold., 81.

Upon the proof in the case, the jury were satisfied that Gaut procured Sims to stay the judgment for himself as well as for Forbes, the principal, and we cannot say the facts do not support this finding.

We think there was no error in the charge of the Court, and affirm the judgment.